1
2
3
4
5                              **UNITED STATES DISTRICT COURT**
6                                     **DISTRICT OF NEVADA**
7  NNN SIENA OFFICE PARK I2, LLC, et al.,    )
                                             )       Case No. 2:12-cv-01524-LRH-PAL
8                          Plaintiffs,       )
                                             )                   **ORDER**
9  vs.                                       )
                                             )
10 WACHOVIA BANK NATIONAL                    )
   ASSOCIATION,                              )
11                                           )
                                             )
12                         Defendant.        )
13 _____  )

14         Before the court is the parties' Stipulation and Order Regarding Production of Confidential

15 Information (Dkt. #25) which the court approved, with the exception of paragraph twelve, to facilitate

16 discovery in this case.  This order reminds counsel that there is a presumption of public access to

17 judicial files and records.  A party seeking to file a confidential document under seal must file a motion

18 to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of*

19 *Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

20         Paragraph eleven of the parties' proposed stipulation was not approved and was deleted by the

21 court.  That paragraph required counsel to file information governed by the proposed stipulation under

22 seal but did not require the filing party to file a contemporaneous motion for leave to file under seal as

23 required by Local Rule 10-5(b), which provides:

24         Unless otherwise permitted by statute, rule or prior Court order, papers filed
           with the Court under seal shall be accompanied by a motion for leave to file
25         those documents under seal, and shall be filed in accordance with the Court's
           electronic filing procedures.  If papers are filed under seal pursuant to prior
26         Court order, the papers shall bear the following notation on the first page,
           directly under the case number: "FILED UNDER SEAL PURSUANT TO
27         COURT ORDER DATED _____."  All papers filed under seal will
           remain sealed until such time as the Court may deny the motion to seal or
28

enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

*Id.* Documents filed under seal are not accessible to the public.

The court has approved the parties' blanket protective order to facilitate their discovery exchanges. However, the parties have not shown, and court has not found, that any specific documents are secret or confidential. The parties have not provided specific facts supported by affidavits or concrete examples to establish that a protective order is required to protect any specific trade secret or other confidential information pursuant to Rule 26(c) or that disclosure would cause an identifiable and significant harm. The Ninth Circuit has held that there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must show good cause exists to overcome the presumption of public access. *See Kamakana,* 447 F.3d at 1179. Parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id.* at 1180.

**IT IS ORDERED**:

1. Paragraph twelve of the parties' Stipulation and Order Regarding Production of Confidential Information (Dkt. #25) that does not requires them to file a contemporaneous motion for leave to file under seal as required by Local Rule 10-5(b) is **NOT APPROVED** and is **DENIED**.
2. The parties shall comply with the requirements of LR 10-5(b) and the Ninth Circuit's decision in *Kamakana* with respect to any documents filed under seal.

Dated this 19th day of November, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE