UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NNN SIENA OFFICE PARK I 2,LLC a Delaware limited liability company, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WACHOVIA BANK NATIONAL ASSOCIATION, now known as WELLS FARGO BANK, NATIONAL ASSOCIATION, successor by merger, et al.,<br><br>Defendants. | Case No. 2:12-cv-01524-MMD-PAL<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dkt. no. 10) |

**I.   SUMMARY**

Before the Court is the Motion to Dismiss brought by Defendants Wachovia Bank, N.A., now known as Wells Fargo Bank, N.A. and Wells Fargo Bank, N.A. in its capacity as successor by merger with Wachovia Bank, N.A. and as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust Pass-Through Certificates Series 2007-C32 ("Bank-Defendants"). (Dkt. no. 10.) For the reasons discussed below, the Motion is granted.

**II.   BACKGROUND**

This case arises out of a failed real estate investment scheme. Plaintiffs consist of investors holding various tenancy-in-common interests in two pieces of real estate

(the "Property").  NNN Siena Office Park I, LLC (the "Sponsor") originally purchased the Property with a loan from Defendant Wachovia Bank, N.A. ("Wachovia")[1] and sold the tenancy-in-common interests in the Property to the investor-Plaintiffs. Due to legal actions taken against the entity that sold the Property to the Sponsor, escrow funds — intended to supplement lower-than-expected rental income for the time period immediately after the sale — were frozen.  The inaccessibility of these funds caused a default on the loan, and Wachovia exercised its rights under its security interest to seize all rental income from the Property.

The crux of the Complaint is that the Bank-Defendants, together with certain Real Estate Investment Companies, conspired to generate and collect transaction fees by soliciting investments in the Property, despite their knowledge of the high probability of the venture's failure.  Pertinent to this Motion is that Wachovia, a national bank governed by the Office of the Comptroller of the Currency, failed to obtain a certificate of exemption from the state laws governing mortgage lenders. Plaintiffs brought suit on July 20, 2012, for violations of Nevada securities laws, fraud, unauthorized mortgage banker activity, breach of the implied covenant of good faith and fair dealing, and legal malpractice.  Defendants removed the suit on August 27, 2012.  By this Motion, Bank-Defendants seek dismissal of Plaintiff's third cause of action, the unauthorized mortgage banker activity claim.

## III. DISCUSSION

### A. Legal Standard

A Court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."

---

[1] Wachovia later merged with Wells Fargo, N.A., which allegedly participated in some of the financing transactions in subsequent investment solicitations.  Although one entity, Plaintiffs sued Wells Fargo, N.A. as two different defendants due to its two different capacities. For clarity within the record, the Court will also separate Wells Fargo's capacities and refer to it as two defendants.

Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions: or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Id.* Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

**B.   Analysis**

Plaintiffs' Complaint details that Wachovia, although exempt from Nevada's banking regulations, failed to obtain a certificate of exemption as required under NRS 645E.160 and this failure caused Plaintiffs' harm. Bank-Defendants assert that Plaintiffs' claim for violations of NRS 645E.160 fails to state a claim upon which relief may be granted because NRS 645E.160 is preempted by federal law. Plaintiffs acknowledge that because Wachovia was a national bank, most of Nevada's banking laws are preempted as applied to it. However, Plaintiffs assert that Nevada's requirement for mortgage lenders to obtain a certificate of exemption does not significantly interfere with the federal statutory scheme and is not preempted.

The Supremacy Clause "invalidates state laws that interfere with, or are contrary to, federal law." *Hillsborough County, Fla. v. Automated Medical Labs., Inc.*, 471 U.S. 707, 712 (1985) (internal citations omitted). Because of the long history of the federal government legislating in the field of banking regulations, "the usual presumption against federal preemption of state law is inapplicable to federal banking regulations." *Wells Fargo Bank N.A. v. Boutris*, 419 F.3d 949, 956 (9th Cir. 2005) (*citing Barnett Bank of Marion County, N.A. v. Nelson Florida Ins. Commissioner, et al.*, 517 U.S. 25, 33 (1996)). Rather, "[i]n defining the pre-emptive scope of statutes and regulations granting a power to national banks, [the Supreme Court's jurisprudence] take[s] the view that normally Congress would not want States to forbid, or to impair significantly, the exercise of a power that Congress explicitly granted." *Id.* at 956-57. Thus, because national banks

are created and governed by the laws of the United States, an individual state's authority to regulate those banks only extends to imposing regulations that do not "prevent or significantly interfere with the national bank's exercise of its powers." *Barnett Bank of Marion County, N.A. v. Nelson Florida Ins. Commissioner, et al.*, 517 U.S. 25, 33 (1996).

One of those powers is to "make, arrange, purchase or sell loans or extensions of credit secured by liens on interests in real estate" subject to restrictions and requirements imposed by the Office of the Comptroller of the Currency (the "OCC"). 12 U.S.C. § 371. The OCC has promulgated regulations regarding the scope of the preemptive power of this statute, clarifying that states retain authority to regulate national banks in areas such as contract, tort, criminal law, debt collection, taxation, and zoning, but that states may not impose limitations on national banks concerning, *inter alia*, "licensing, registration (except for purposes of service of process), filings, or reports by creditors." 12 C.F.R. § 34.4(a)(1), (b). These regulations "have no less pre-emptive effect than federal statutes." *Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1982).

Accordingly, a number of courts have ruled that federal law preempts various state banking laws when applied to national banks. *See, e.g.*, *First National Bank of Eastern Arkansas v. Taylor*, 907 F.2d 775, 780 (8th Cir. 1990). This includes state regulations requiring national banks to file an application, pay a licensing fee, and comply with a state's foreign corporation registration requirements. *See Ass'n of Banks in Ins., Inc. v. Duryee*, 55 F. Supp. 2d 799, 811, 812 (S.D. Ohio 1999), *aff'd*, 270 F.3d 397 (6th Cir. 2001); *Bank of Am., Nat'l Trust & Sav. Ass'n v. Lima*, 103 F. Supp. 916, 918 (D. Mass. 1952). The rationale underlying these decisions is that because a national bank's presence in a state is "attributable to the national power, not to the state's permission . . . any attempt by [a] state to block the entry of a national bank until it complied with certain conditions would violate the constitution and law of the United States." *Lima*, 103 F. Supp. at 917-18.

///

NRS 645E.160(1) requires persons claiming an exemption from the state regulatory scheme to file an application for certificate of exemption, pay a fee, include proof of the requirements of exemption, and provide evidence that the entity is licensed to do business and in good standing with Nevada or any other state. The certificate expires after one year, whereupon the applicant must repeat the process. NRS 645E.280(3). If a certificate is not obtained, providing the services of a mortgage lender becomes unlawful (NRS 645E.910) and the bank's contracts become voidable (NRS 645E.920). Additionally, the statutory scheme further provides that the requirement to obtain a certificate of exemption does not apply where preempted by federal law. NRS 645E.160(2).

This statutory scheme significantly interferes with the Bank-Defendants exercise of their federally authorized powers. First, although it does not impose the level of regulation and oversight of the non-exempt licensing and supervision requirements, the requirement to seek a certificate of exemption every year by filing an application, paying a fee, and providing evidence of its exemption and license to conduct business, represents an attempt to block the entry of a national bank into the state until certain conditions are complied with. Consequently, the requirement is not a *de minimus*, administrative burden as Plaintiffs argue, but a licensing or registration requirement similar to those held as preempted by other courts and analogous to that described as preempted in the OCC's regulations. Furthermore, because a non-compliant national bank's mortgage lending activity would be deemed unlawful and its contracts voidable under the statute, the state statutory scheme purportedly authorizes the state to prohibit mortgage lending activities of a national bank. However, this construction would allow the state to prohibit a national bank from that which it is federally authorized to do. Thus, the statute conflicts with and inhibits federal law and is preempted when applied to a national bank.

Of course, under the terms of the statute, the requirement to obtain a certificate of exemption is inapplicable if preempted. Therefore, the statute is inapplicable against

Bank-Defendants and Plaintiff's third cause of action for unauthorized mortgage banker activity fails to state a claim upon which relief may be granted.  Defendants' Motion is granted.

**IV.    CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is GRANTED. Plaintiffs' Third Cause of Action for Unauthorized Mortgage Banker Activity in Violation of NRS 645E.900 and 6458.910 is DISMISSED.

DATED THIS 15th day of May 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE