UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NNN SIENA OFFICE PARK I 2, LLC a Delaware limited liability company, et al.,<br><br>Plaintiffs,<br>v.<br><br>WACHOVIA BANK NATIONAL ASSOCIATION, now known as WELLS FARGO BANK, NATIONAL ASSOCIATION, successor by merger, et al.,<br><br>Defendants. | Case No. 2:12-cv-01524-MMD-PAL<br><br>ORDER<br><br>(Def.'s Motion for Summary Judgment – dkt. no. 45). |

**I.  SUMMARY**

Before the Court is Defendant Holland & Hart LLP's ("Holland & Hart") Motion for Summary Judgment. (Dkt. no. 45.) For the reasons discussed below, the Motion is denied.

**II.  BACKGROUND**

This case arises out of Holland & Hart's alleged unauthorized legal representation of Plaintiffs in a real estate dispute. In January 2007, a company called R.O.C.S.E.V. Capital, LLC ("ROCSEV") entered into an option agreement for the purchase of two commercial properties in Henderson Nevada (the "Property"). Three months later, ROCSEV entered into a purchase and sale agreement (the "PSA") with Triple Net Properties, LLC ("TNP"), under which ROCSEV exercised its option, purchased the property and immediately sold it to TNP. TNP then transferred the property to NNN

Siena Office Park I, LLC, who sold tenancy-in-common interests in the Property to various investors (the "Investors"), including Plaintiffs.

Under the PSA, a portion of the purchase price was to be held in escrow and drawn down to cover anticipated shortfalls in rental receipts accruing from the Property (the "Holdback Funds"). The Holdback Funds became subject to dispute, however, when the SEC instigated a securities fraud action against Val E. Southwick and entities under his control, including ROCSEV. The court in that action appointed a receiver to marshal and preserve assets, and the receiver ultimately concluded that the Holdback Funds were receivership property.

Grubb & Ellis Realty Investors, LLC ("GERI"), the Property's manager, retained Holland & Hart to defend its interests in the securities action. Holland & Hart moved for relief from the order appointing a receiver and requested that the court exclude the Holdback Funds from the receivership. This led to a separate action (the "Receiver Action") by the Receiver against GERI, claiming that, *inter alia*, the Property was fraudulently transferred. The Receiver sought return of the Property, plus all funds GERI received from the seller, including the Holdback Funds. Holland & Hart again appeared on behalf of GERI and filed a Motion to Intervene ("Motion to Intervene") as party defendants on behalf of the Investors. However, the Motion to Intervene itself omitted the names of seven Investors who are now plaintiffs in this action (the "Unnamed Investors"). The Motion to Intervene was granted and the Investors ultimately retained their own counsel and reached a settlement with the Receiver.

A group of the Investors then brought this action against various parties involved in the sale of the Property. Plaintiffs included a claim for legal malpractice and for breach of fiduciary duties against Holland & Hart. Plaintiffs allege that Holland & Hart had no authorization to represent them in the Receivership Action, and that the unilateral decision of Holland & Hart to file the Motion to Intervene on their behalf unnecessarily entangled them in the litigation and ultimately subjected them to undesired legal fees in resolving the case.

Holland & Hart seeks summary judgment against the Unnamed Investors as to the legal malpractice and fiduciary duty claims based on the contention that the factual predicate of these two claims – Holland & Hart's representation of the Unnamed Investors – is undisputedly absent. Holland & Hart argues that because the Unnamed Investors were not listed on the Motion to Intervene, they were not parties to the Receiver Action and were therefore not represented by Holland & Hart. Thus, Holland & Hart asserts that they are entitled to judgment as a matter of law against the Unnamed Investors.

## III. LEGAL STANDARD

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

///

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Bank of America v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

The premise of Holland & Hart's motion is that the omission of the Unnamed Investors from the Motion to Intervene necessarily means that Holland & Hart could not have represented the Unnamed Investors in the Receiver Action. Holland & Hart argues that in the absence of legal representation, no attorney client relationship existed and it owed no duties to the Unnamed Investors upon which either a legal malpractice or breach of fiduciary duty claim could be sustained.

However, genuine questions of material fact remain regarding Holland & Hart's relationship with and representation of the Unnamed Investors. Plaintiffs assert that Holland & Hart purported to represent all of the Investors, but was simply not diligent in identifying them. Indeed, Holland & Hart never explains, in its Motion or Reply, why the Unnamed Investors were omitted from the Motion to Intervene. Moreover, the Motion to

Intervene argues that intervention should be allowed because the Investors were necessary parties. Holland & Hart has not articulated any reason that the twenty-three Investors listed in the Motion were necessary, but not the seven Unnamed Investors. As all Investors held the Property as tenants-in-common, any disposition of the Property or the Holdback Funds would impact them all. Thus, Plaintiffs' theory that Holland & Hart purported to represent all Investors, but negligently prepared the Motion is plausible given the facts before the Court.

Moreover, Plaintiff has produced court documents in which Holland & Hart seemingly purports to represent all Investors. In the Answer and Counterclaim, Holland & Hart asserts the rights of the "TIC Owners," generally and collectively. Further, although the Motion to Intervene limits the definition of "TIC Owners" to the named interveners, it still refers to the TIC Owners as "*the* current owners of the Property, owning the property as tenants in common" (emphasis added). Although the Unnamed Investors were omitted from the Motion, the language of Holland & Hart's filings suggests that its representation extended to all Investors.

The Court agrees with Holland & Hart that the evidence submitted by Plaintiffs is far from conclusive. However, viewing the facts in the light most favorable to Plaintiffs, the non-moving parties, it is reasonable to conclude that Holland & Hart was purporting to represent all Investors, not just those officially named in the Motion to Intervene. Consequently, the Unnamed Investors may still have been involved in the litigation as a result of Holland & Hart's actions in the Receiver Action.

Holland & Hart also argues that whether it purported to represent the Unnamed Investors is of no consequence for two reasons. First, Plaintiffs plead that there was no attorney client relationship between the Unnamed Investors and Holland & Hart. Second, because the Unnamed Investors never assented to representation, no reasonable belief of representation could create an implied attorney client relationship. See *In re Rossana*, 395 B.R. 697, 702 (D. Nev. 2008) ("the attorney-client relationship is based on the subjective belief of the client"). These two arguments ignore the allegations

that Holland & Hart actually represented the Unnamed Investors in the Receiver Action and did so without authorization. It is axiomatic that an attorney who undertakes representation of an individual owes duties to that individual, even if the individual never assented to the representation. Otherwise, an attorney could never face liability for unauthorized representation. Moreover, under these facts, the lack of assent does not necessarily negate a reasonable belief that the Unnamed Investors were represented. Indeed, the objective manifestations of Holland & Hart's purported representation could have given rise to the Unnamed Investors' reasonable subjective belief that they were, in fact, represented in the Receiver Action — even if representation were unauthorized and undesired.

The Court finds that summary judgment is inappropriate because genuine issues of material fact remain relating to whether an attorney client relationship existed based on the records before the Court. Whether Holland & Hart's actions in the Receiver Action constituted representation of the Unnamed Investors and whether or not any purported representation was sufficient under the given facts to create a reasonable belief in the Unnamed Investors that they were represented are material factual disputes that cannot be resolved on summary judgment.

### III.  CONCLUSION

It is therefore ordered that Defendant Holland & Hart LLP's Motion for Summary Judgment (dkt. no. 45) is denied.

DATED THIS 8th day of November 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE