1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
7                               DISTRICT OF NEVADA
8                                        * * *
9    NNN SIENA OFFICE PARK I 2, LLC a          Case No. 2:12-cv-01524-MMD-PAL
     Delaware limited liability company, et al.,
10
                          Plaintiffs,                        ORDER
11        v.
                                              (Def.'s Motion for Summary Judgment –
12   WACHOVIA BANK NATIONAL                            dkt. no. 45).
     ASSOCIATION, now known as WELLS
13   FARGO BANK, NATIONAL
     ASSOCIATION, successor by merger, et
14   al.,
15                        Defendants.
16

17   **I.     SUMMARY**

18         Before the Court is Defendant Holland & Hart LLP's ("Holland & Hart") Motion for

19   Summary Judgment. (Dkt. no. 45.) For the reasons discussed below, the Motion is

20   denied.

21   **II.    BACKGROUND**

22         This case arises out of Holland & Hart's alleged unauthorized legal representation

23   of Plaintiffs in a real estate dispute.  In January 2007, a company called R.O.C.S.E.V.

24   Capital, LLC ("ROCSEV") entered into an option agreement for the purchase of two

25   commercial properties in Henderson Nevada (the "Property"). Three months later,

26   ROCSEV entered into a purchase and sale agreement (the "PSA") with Triple Net

27   Properties, LLC ("TNP"), under which ROCSEV exercised its option, purchased the

28   property and immediately sold it to TNP. TNP then transferred the property to NNN

1   Siena Office Park I, LLC, who sold tenancy-in-common interests in the Property to
2   various investors (the "Investors"), including Plaintiffs.

3       Under the PSA, a portion of the purchase price was to be held in escrow and
4   drawn down to cover anticipated shortfalls in rental receipts accruing from the Property
5   (the "Holdback Funds"). The Holdback Funds became subject to dispute, however, when
6   the SEC instigated a securities fraud action against Val E. Southwick and entities under
7   his control, including ROCSEV. The court in that action appointed a receiver to marshal
8   and preserve assets, and the receiver ultimately concluded that the Holdback Funds
9   were receivership property.

10      Grubb & Ellis Realty Investors, LLC ("GERI"), the Property's manager, retained
11  Holland & Hart to defend its interests in the securities action.  Holland & Hart moved for
12  relief from the order appointing a receiver and requested that the court exclude the
13  Holdback Funds from the receivership. This led to a separate action (the "Receiver
14  Action") by the Receiver against GERI, claiming that, *inter alia*, the Property was
15  fraudulently transferred.  The Receiver sought return of the Property, plus all funds GERI
16  received from the seller, including the Holdback Funds.  Holland & Hart again appeared
17  on behalf of GERI and filed a Motion to Intervene ("Motion to Intervene") as party
18  defendants on behalf of the Investors. However, the Motion to Intervene itself omitted
19  the names of seven Investors who are now plaintiffs in this action (the "Unnamed
20  Investors"). The Motion to Intervene was granted and the Investors ultimately retained
21  their own counsel and reached a settlement with the Receiver.

22      A group of the Investors then brought this action against various parties involved
23  in the sale of the Property. Plaintiffs included a claim for legal malpractice and for breach
24  of fiduciary duties against Holland & Hart. Plaintiffs allege that Holland & Hart had no
25  authorization to represent them in the Receivership Action, and that the unilateral
26  decision of Holland & Hart to file the Motion to Intervene on their behalf unnecessarily
27  entangled them in the litigation and ultimately subjected them to undesired legal fees in
28  resolving the case.

1   Holland & Hart seeks summary judgment against the Unnamed Investors as to
2   the legal malpractice and fiduciary duty claims based on the contention that the factual
3   predicate of these two claims – Holland & Hart's representation of the Unnamed
4   Investors – is undisputedly absent. Holland & Hart argues that because the Unnamed
5   Investors were not listed on the Motion to Intervene, they were not parties to the
6   Receiver Action and were therefore not represented by Holland & Hart.  Thus, Holland &
7   Hart asserts that they are entitled to judgment as a matter of law against the Unnamed
8   Investors.

9   **III.   LEGAL STANDARD**

10   The purpose of summary judgment is to avoid unnecessary trials when there is no
11   dispute as to the facts before the court.  *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18
12   F.3d 1468, 1471 (9th Cir.1994).  Summary judgment is appropriate when "the pleadings,
13   the discovery and disclosure materials on file, and any affidavits show there is no
14   genuine issue as to any material fact and that the movant is entitled to judgment as a
15   matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330
16   (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a
17   reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it
18   could affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby,*
19   *Inc.*, 477 U.S. 242, 248–49 (1986).  Where reasonable minds could differ on the material
20   facts at issue, however, summary judgment is not appropriate. *Warren v. City of*
21   *Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).  "The amount of evidence necessary to raise
22   a genuine issue of material fact is enough 'to require a jury or judge to resolve the
23   parties' differing versions of the truth at trial.'"  *Aydin Corp. v. Loral Corp.*, 718 F.2d 897,
24   902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89
25   (1968)). In evaluating a summary judgment motion, a court views all facts and draws all
26   inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v.*
27   *Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

28   ///

1    The moving party bears the burden of showing that there are no genuine issues

2    of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In

3    order to carry its burden of production, the moving party must either produce evidence

4    negating an essential element of the nonmoving party's claim or defense or show that

5    the nonmoving party does not have enough evidence of an essential element to carry its

6    ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210

7    F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements,

8    the burden shifts to the party resisting the motion to "set forth specific facts showing that

9    there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may

10   not rely on denials in the pleadings but must produce specific evidence, through

11   affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME*

12   *Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show

13   that there is some metaphysical doubt as to the material facts." *Bank of America v. Orr*,

14   285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a

15   scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*,

16   477 U.S. at 252.

17   **IV.   DISCUSSION**

18   The premise of Holland & Hart's motion is that the omission of the Unnamed

19   Investors from the Motion to Intervene necessarily means that Holland & Hart could not

20   have represented the Unnamed Investors in the Receiver Action.  Holland & Hart argues

21   that in the absence of legal representation, no attorney client relationship existed and it

22   owed no duties to the Unnamed Investors upon which either a legal malpractice or

23   breach of fiduciary duty claim could be sustained.

24   However, genuine questions of material fact remain regarding Holland & Hart's

25   relationship with and representation of the Unnamed Investors. Plaintiffs assert that

26   Holland & Hart purported to represent all of the Investors, but was simply not diligent in

27   identifying them. Indeed, Holland & Hart never explains, in its Motion or Reply, why the

28   Unnamed Investors were omitted from the Motion to Intervene.  Moreover, the Motion to

1  Intervene argues that intervention should be allowed because the Investors were

2  necessary parties. Holland & Hart has not articulated any reason that the twenty-three

3  Investors listed in the Motion were necessary, but not the seven Unnamed Investors.  As

4  all Investors held the Property as tenants-in-common, any disposition of the Property or

5  the Holdback Funds would impact them all. Thus, Plaintiffs' theory that Holland & Hart

6  purported to represent all Investors, but negligently prepared the Motion is plausible

7  given the facts before the Court.

8      Moreover, Plaintiff has produced court documents in which Holland & Hart

9  seemingly purports to represent all Investors. In the Answer and Counterclaim, Holland

10  & Hart asserts the rights of the "TIC Owners," generally and collectively. Further,

11  although the Motion to Intervene limits the definition of "TIC Owners" to the named

12  interveners, it still refers to the TIC Owners as "*the* current owners of the Property,

13  owning the property as tenants in common" (emphasis added). Although the Unnamed

14  Investors were omitted from the Motion, the language of Holland & Hart's filings

15  suggests that its representation extended to all Investors.

16      The Court agrees with Holland & Hart that the evidence submitted by Plaintiffs is

17  far from conclusive. However, viewing the facts in the light most favorable to Plaintiffs,

18  the non-moving parties, it is reasonable to conclude that Holland & Hart was purporting

19  to represent all Investors, not just those officially named in the Motion to Intervene.

20  Consequently, the Unnamed Investors may still have been involved in the litigation as a

21  result of Holland & Hart's actions in the Receiver Action.

22      Holland & Hart also argues that whether it purported to represent the Unnamed

23  Investors is of no consequence for two reasons. First, Plaintiffs plead that there was no

24  attorney client relationship between the Unnamed Investors and Holland & Hart.

25  Second, because the Unnamed Investors never assented to representation, no

26  reasonable belief of representation could create an implied attorney client relationship.

27  *See In re Rossana*, 395 B.R. 697, 702 (D. Nev. 2008) ("the attorney-client relationship is

28  based on the subjective belief of the client"). These two arguments ignore the allegations

1   that Holland & Hart actually represented the Unnamed Investors in the Receiver Action
2   and did so without authorization. It is axiomatic that an attorney who undertakes
3   representation of an individual owes duties to that individual, even if the individual never
4   assented to the representation. Otherwise, an attorney could never face liability for
5   unauthorized representation. Moreover, under these facts, the lack of assent does not
6   necessarily negate a reasonable belief that the Unnamed Investors were represented.
7   Indeed, the objective manifestations of Holland & Hart's purported representation could
8   have given rise to the Unnamed Investors' reasonable subjective belief that they were, in
9   fact, represented in the Receiver Action — even if representation were unauthorized and
10  undesired.

11      The Court finds that summary judgment is inappropriate because genuine issues
12  of material fact remain relating to whether an attorney client relationship existed based
13  on the records before the Court. Whether Holland & Hart's actions in the Receiver Action
14  constituted representation of the Unnamed Investors and whether or not any purported
15  representation was sufficient under the given facts to create a reasonable belief in the
16  Unnamed Investors that they were represented are material factual disputes that cannot
17  be resolved on summary judgment.

18  **III.   CONCLUSION**

19      It is therefore ordered that Defendant Holland & Hart LLP's Motion for Summary
20  Judgment (dkt. no. 45) is denied.

22      DATED THIS 8th day of November 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE